IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MATTHEW RUCKER,**

      **Plaintiff,**

   v.           CASE NO. 13-3027-SAC

**MORGAN H. BEAN, et al.,**

      **Defendants.**

**MEMORANDUM AND ORDER**

   This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff submitted the initial partial filing fee as directed, and the court grants leave to proceed in forma pauperis.

*Screening*

   A federal court must screen a complaint brought by a prisoner seeking relief against a governmental entity or an officer or employee of such an entity and must consider whether summary dismissal of the matter is appropriate. 28 U.S.C. § 1915A(a). The court must dismiss such a complaint, or any part of it, that asserts a claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

   A plaintiff must present sufficient facts to suggest that he is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

   The complaint alleges that on July 19, 2011, plaintiff and defendant Bean, a corrections officer, had a heated discussion

concerning plaintiff's housing assignment and Bean ordered plaintiff out of his office. As plaintiff turned to leave, Bean slammed the office door, catching plaintiff's fingers. Bean ordered plaintiff to return to his cell.

Plaintiff reported this to his Unit Team officer Wildermouth, who arranged for plaintiff to receive a pass for a medical visit. He saw medical personnel on the following day and received pain medication and an order for an X-ray. He later filed an administrative grievance against defendant Bean which was resolved against plaintiff.[1]

Plaintiff alleges the acts of defendants violate the policies of the Kansas Department of Corrections and Kansas statutes that prohibit the mistreatment or neglect of a patient or resident. He seeks declaratory and injunctive relief and damages.

To the extent plaintiff claims defendant Bean violated facility policies and state statutory law, he states no claim for relief. To establish a claim under § 1983, a plaintiff must allege the deprivation of a federally-protected right by one acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A violation of state law does not state such a claim. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Likewise, the violation of a prison regulation generally does not give rise to a claim under §1983. *Trujillo v. Williams*, 465 F.3d 1210, 1214 n.2 (10th Cir. 2006). Accordingly, the claims against defendant Bean are subject to dismissal.

Plaintiff also names as defendants Nathan Aguilar, a corrections

---

[1] The grievance investigation determined that after the incident, plaintiff left the cellhouse for a callout and did not immediately report the injury. Medical staff found that his right middle finger had mild swelling and minor bruising. He was advised to use ice and, at the time of the investigation in mid-August, had not sought additional medical attention. (Doc. 1, Attach. p. 13.)

officer; Lindsey Wildermouth, a Unit Team member; R.E. Jewell, a Unit Team Manager; Steven Gandy, a corrections officer; Chris Ross, a grievance officer; Warden David McKune; Secretary of Corrections Ray Roberts; Governor Brownback; and the State of Kansas.

A close review of the complaint shows the following acts by these defendants: defendant Aguilar stated to plaintiff that "bad things happen to inmates like Plaintiff who don't do what officers say" (Doc. 1, p. 3); defendant Gandy told plaintiff to go to his cell after the incident with defendant Bean (*id.*, p. 4); defendant Jewell told plaintiff to go to his cell as directed and to file a grievance if he chose to (*id.*); and defendant Wildermouth arranged for plaintiff to be referred to medical staff (*id.*).

While the complaint contains no specific allegations against the remaining defendants, it appears defendants Ross, McKune, and Roberts were involved, either personally or by a designee, in the processing of plaintiff's grievances.

The plaintiff's allegations against defendants Aguilar, Gandy, Jewell, and Wildermouth do not state a claim for relief. At most, Aguilar's remarks might be construed as a threat. However, a guard's verbal abuse or threat does not violate the Constitution. *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001). Next, the complaint makes no specific allegation concerning the conduct of Gandy, Jewell, and Wildermouth. Their conduct appears to involve entirely routine directions to a prisoner, and plaintiff does not present any plausible basis for liability under the *Twombly* standard.

The allegations against defendants Ross, Roberts, and McKune appear to arise from their participation in the administrative grievance process. However, the denial of a grievance does not

establish a defendant's personal participation in an allegedly unconstitutional act and does not give rise to liability under § 1983. *Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012)("Whatever knowledge [the warden] may have had when he denied the appeal, his only involvement was to deny the grievance appeal, which is insufficient for § 1983 liability.")

Finally, plaintiff states no claim for relief against Governor Brownback or the State of Kansas. Not only does the Eleventh Amendment bar a claim in federal court for damages against a state and a state official sued in an official capacity, *Kentucky v. Graham*, 473 U.S. 159, 165 (1985), there is no allegation in the complaint of any act or omission by these defendants.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall continue pursuant to 28 U.S.C. § 1915(b)(2) until plaintiff satisfies the $350.00 filing fee.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED plaintiff's motion for the appointment of counsel (Doc. 5) is denied as moot.

Copies of this order shall be transmitted to the plaintiff and the Finance Office of the facility where he is incarcerated.

**IT IS SO ORDERED.**

DATED: This 8th day of October, 2013, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge